UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00099-MR

| WALTER T. GAUSE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| STEPHEN JACOBS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], and Plaintiff's motion to proceed in forma pauperis [Doc. 2].

**I.    BACKGROUND**

Pro se Plaintiff Walter T. Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. He filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on March 10, 2022, alleging violations of Plaintiff's constitutional rights. [Doc. 1]. Plaintiff names Stephen Jacobs, Yolanda Gause, FNU Covington, and "Staff" as Defendants. [Id.]. Plaintiff has moved to proceed in this matter in forma pauperis. [Doc. 2]. Plaintiff, however, also purports to give "notice [that] the Clerk shall collect fees for the filing of this

§ 28 U.S.C. § 1983 civil right complaint to commence this action." [Doc. 1-1 (errors uncorrected)].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Gause v. Murray, 3:18-cv-00378-FDW, 2018 WL 3419277 (W.D.N.C. July 13, 2018) (§ 1983 action dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); Gause v. Murray, 3:19-cv-00341-FDW, 2019 WL 4267491 (W.D.N.C. Sept. 9, 2019) (same); Gause v. Hooks, 3:20-

cv-00507-MR, 2020 WL 6275007 (W.D.N.C. Oct. 26, 2020) (§ 1983 action dismissed with prejudice for failure to state a claim).[1]

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. Here, Plaintiff seeks to proceed in forma pauperis but also purports to direct the Clerk to collect the filing fee for this Complaint. It is Plaintiff's duty to send the filing fee to this Court, which he should have done with his Complaint. To that end, the Court will allow Plaintiff 21 days to pay the filing fee before it dismisses this action without prejudice. The Court will also vacate the Clerk's Order for Plaintiff's Prisoner Trust Account Statement.

## III. CONCLUSION

For the reasons stated herein, the Court will order Plaintiff to pay the filing fee for his Complaint within 21 days of this Order and vacate the Order requesting Plaintiffs Prisoner Trust Account Statement. If Plaintiff fails to pay the filing fee within 21 days, the Court will dismiss this action without prejudice.

---

[1] Also, recently, the Court dismissed Plaintiff's in forma pauperis Complaint in Gause v. Diggers, 3:21-cv-00553-MR, 2021 WL 5406879 (W.D.N.C. Nov. 18, 2021), as barred by § 1915(g)'s three-strikes provision.

3

Case 3:22-cv-00099-MR   Document 5   Filed 03/17/22   Page 3 of 4

**IT IS, THEREFORE, ORDERED** that Plaintiff shall pay the filing fee for his Complaint in this matter within 21 days of this Order. If Plaintiff fails to pay the filing fee within the time required, Plaintiff's Complaint will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Order for Prisoner Trust Account Statement [Doc. 4] is **VACATED**.

**IT IS SO ORDERED**.

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge