| | |
|---|---|
| WALTER T. GAUSE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> STEPHEN JACOBS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], and Plaintiff's Addendum to his Complaint [Doc. 6].[1]

I. **BACKGROUND**

Pro se Plaintiff Walter T. Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution ("SCI") in Laurinburg, North Carolina. He filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3) on March 10, 2022, alleging violations of his constitutional rights. [Doc. 1]. Plaintiff names Stephen Jacobs, identified

---

[1] Plaintiff moved to proceed in this matter in forma pauperis. [Doc. 2]. Because Plaintiff is subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis, the Court ordered that Plaintiff pay the filing fee. [Doc. 5]. He has now done so. [See 4/1/2022 Docket Entry]. The Court, therefore, will proceed with its initial review pursuant to 28 U.S.C. § 1915A.

as the Warden of SCI; Yolanda Gause and FNU Covington, identified as Captains at SCI; and unidentified "Staff" of SCI as Defendants, all in their individual and official capacities. [Id.; Doc. 6 at 1-2]. It appears that Plaintiff alleges as follows.

On November 3, 2021, Plaintiff complained of "filth and trash" in the quarantine area at SCI because it had not been cleaned. Plaintiff alleges that the quarantine area subjected him to a "health risk environment." After he complained, Defendant Covington and other custody staff harassed Plaintiff and then brought him to an "operation holding cell." Plaintiff alleges that, on the same day, Defendant Covington intentionally and deliberately assaulted Plaintiff with a deadly weapon. [Doc. 6 at 3]. On November 4, 2021, Plaintiff filed a grievance against Defendant Covington for Covington placing a taser an inch from Plaintiff's face. [Id. at 4].

As to Defendant Jacobs, Plaintiff alleges only that he, Plaintiff, sent a copy of his grievance to Jacobs and received no response. [Id. at 6]. Plaintiff also alleges that "each defendant et al. conspire & collude by joint [participation] and systemic retaliation, campaine hars-ment," and that Defendant Gause, of no relation to Plaintiff, colludes with gang members and a "great many staff." [Id. at 3, 6]. Other than the vague references described above, Plaintiff does not identify any particular conduct by any particular

"Staff" that he purports to name as a Defendant.

Finally, Plaintiff alleges that on February 8, 2022, he "sign[ed] for protective custody due to the [illegible] corruption by staff et al., as well gang member oppression & [illegible] threat of physical bodily harm, as well death threats." [Id. at 7].

Plaintiff claims this conduct violated his rights under the First, Eighth, and Fourteenth Amendments. [Doc. 1 at 3]. Plaintiff alleges no injuries from the alleged conduct other than "fear for his life." [See Doc. 6 at 4]. For relief, Plaintiff seeks declaratory judgment, a "preliminary judgment," compensatory and punitive damages, and indemnification. [Id. at 5; Doc. 6 at 8-9].

## II. STANDARD OF REVIEW

Under § 1915A, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Section 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff generally claims that his rights under the First, Eighth, and Fourteenth Amendments were violated by Defendants' conduct. Plaintiff, however, does not allege what conduct he contends violated each right. The Court, therefore, addresses those claims fairly raised by Plaintiff's allegations.

#### 1. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v.

4

Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff has failed to state a claim for relief against Defendants in their official capacities and these claims will be dismissed.

### 2. First Amendment

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment

rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Plaintiff alleges, that, due to his complaint regarding the quarantine area, Defendant Covington and other custody staff harassed Plaintiff and Defendant Covington threatened him with a taser.[2] Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment retaliation claim is not clearly frivolous and survives initial review as to Defendant Covington in his individual capacity.

### 3. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312,

---

[2] Plaintiff also alleges that he was moved to a holding cell after complaining to prison officials. To the extent that Plaintiff contends that such transfer was itself retaliatory, it seems such transfer was a reasonable and appropriate response by prison officials to Plaintiff's concerns.

6

319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

"The Supreme Court has held, however, that 'not every malevolent touch by a prison guard gives rise to a federal cause of action.'" Jackson v. Holley, 666 Fed. App'x 242, 244 (4th Cir. 2016) (citing Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175 (2010)). "An inmate who complains of a push

7

or a shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38, 130 S. Ct. 1175 (internals quotation marks omitted). Moreover, the law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under the Eighth Amendment. At most, Plaintiff alleges that Defendant Covington threatened him with a taser. While certainly uncomfortable and perhaps frightening to Plaintiff, this is not an Eighth Amendment violation. Plaintiff's allegation of harassment also plainly fails to state a claim under the Eight Amendment. The Court will dismiss this claim.

### 4. Fourteenth Amendment

Plaintiff does not allege how he believes his Fourteenth Amendment rights were violated. To the extent Plaintiff contends that Defendant Jacobs violated his rights under the Fourteenth Amendment for failing to respond to his grievance, this claim fails. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily

8

established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). The Court sees no other Fourteenth Amendment rights fairly implicated by Plaintiff's allegations. As such, Plaintiff has a failed to state a claim for relief under the Fourteenth Amendment and this claim will be dismissed.

### B. Section 1985

To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Section 1985(3) enjoins conspiracies that deprive plaintiff of his civil rights based on some "racial" or otherwise "class-based, invidiously discriminatory animus." 42 U.S.C. § 1985; Williams v. Carolinas Healthcare System, No. 3:12-cv-241-GCM, 2012 WL 2994699, at *5 (W.D.N.C. July 23, 2012).

Courts reject "section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Williams, at *5 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Simmons, 47 F.3d at 1377. To allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit

9

a lawful act by unlawful means.  See Simmons, 47 F.3d at 1376.  Further, "a party must show an agreement or meeting of the minds between parties to inflict a wrong or injury upon another that results in damage."  Williams, at *5 (citations omitted).  A plaintiff must also show harm resulting from the alleged conspiracy.  Id. (citations omitted).

Taking Plaintiff's allegations as true and drawing reasonable inferences therefrom in Plaintiff's favor, Plaintiff has plainly failed to allege a conspiracy to deprive his civil rights.  Plaintiff makes only vague references to "collusion" among and between Defendants and nothing more.  Plaintiff, therefore, has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1985.  The Court will dismiss this claim.

### C. "Staff" Defendants

Plaintiff names as Defendants and references in his Complaint "Staff," who allegedly participated in certain alleged conduct.  [See Docs. 1, 6].  If Plaintiff intends to name these unidentified individuals as Defendants in this matter, he must name them individually as John Doe defendants until they can be identified through discovery or otherwise.  He must also allege in what conduct each individually named Doe Defendant engaged.  Simply naming them as "staff" is insufficient and improper.  The Court, therefore, will dismiss the "Staff" Defendants.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for appointment of counsel. [Doc. 6 at 9-10]. As grounds, Plaintiff states he is unable to afford an attorney, has no access to a law library, the issues are complex and will require significant research, his imprisonment will limit his ability to litigate this matter, a trial will involve conflicting testimony, and an attorney would be better able to present evidence and cross examine witnesses effectively. [Id.].

A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's request for counsel, therefore, will be denied.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's First Amendment retaliation claim against Defendant Covington in his individual capacity. Plaintiff's remaining claims and the remaining Defendants will be dismissed in accordance with the terms of this Order.

Plaintiff's motions for issuance of summons [Docs. 10, 11] will be denied. The Court will order service on Defendant Covington as provided below. Finally, the Court will deny Plaintiff's request for counsel as provided above.

**Plaintiff is strongly cautioned to carefully review the Order of Instructions [Doc. 3], the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing further documents with the Court in this matter. Plaintiff has a history of filing duplicative, ineffectual, and improper documents with this Court. Such documents may be stricken and/or summarily denied by this Court without further notice to Plaintiff should he persist in filing such documents in this action**.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment retaliation claim against Defendant Covington in his individual capacity, which is allowed to pass initial review.

**IT IS FURTHER ORDERED** that Defendants Jacobs, Gause, and "Staff" are hereby **DISMISSED** as Defendants in this matter for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motions [Docs. 10, 11] and motion for appointment of counsel [Doc. 6 at 10] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Covington, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED**.

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge