UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00099-MR

| WALTER T. GAUSE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FNU COVINGTON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Amended Complaint. [Doc. 19].

Pro se Plaintiff Walter T. Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Lumberton Correctional Institution in Lumberton, North Carolina. He filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3) on March 10, 2022, alleging violations of his constitutional rights by prison officials at Scotland Correctional Institution. [Doc. 1]. Plaintiff named Stephen Jacobs, identified as the Warden of SCI; Yolanda Gause and FNU Covington, identified as Captains at SCI; and unidentified "Staff" of SCI as Defendants, all in their individual and official capacities. [Id.; Doc. 6 at 1-2].

In pertinent part, Plaintiff alleged that after he complained of unsanitary conditions in the quarantine area of SCI, Defendant Covington and other custody staff harassed Plaintiff and moved him to a holding cell. Plaintiff further alleged that, on the same day, Defendant Covington threatened Plaintiff with a taser, placing it an inch from Plaintiff's face. [Doc. 1]. Plaintiff's individual capacity claim against Defendant Covington for retaliation under the First Amendment survived initial review and Plaintiff's remaining claims, including an Eighth Amendment claim against Defendant Covington, and the remaining Defendants were dismissed for Plaintiff's failure to state a claim for relief. [Doc. 12 at 12].

Recently, Plaintiff moved to amend his Complaint to add an additional Defendant who Plaintiff alleged conspired with Defendant Covington and solicited gang members to have Plaintiff killed. [Doc. 16]. The Court denied Plaintiff's motion to amend, in part, for Plaintiff's failure to attach a proposed amended complaint to his motion and because the amendment would have been futile because the claim was no more sufficient than the claims already dismissed by the Court on initial review. [Doc. 17 at 3-4]. The Court specifically advised Plaintiff as follows:

> To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and

> states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

[Id.]. Now before the Court is Plaintiff's Amended Complaint, which Plaintiff brings against Defendant Covington only. [Doc .19]. Plaintiff restates, though in more detail, his previously dismissed allegations against Defendant Covington related to Covington's threatening Plaintiff with a taser. [See id.]. Plaintiff does maintain his previously recognized First Amendment retaliation claim. [See id.].

The Court will strike Plaintiff's Amended Complaint. Plaintiff failed to file a motion to amend with his Amended Complaint, contrary to the Court's express instructions. Moreover, if the Court were to allow Plaintiff to amend his Complaint with the instant filing, Plaintiff's entire action would be dismissed because the Amended Complaint fails to state any claim for relief and would necessarily supersede Plaintiff's original Complaint.

The Plaintiff is strongly cautioned that any future improper attempts to amend his Complaint may be summarily denied and/or stricken from the record in this matter.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 19] is **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: June 6, 2022

Martin Reidinger
Chief United States District Judge