UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00099-MR

| WALTER T. GAUSE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU COVINTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Order for Default," [Doc. 33], which the Court construes as a motion for entry of default, and Plaintiff's Motion for Appointment of Counsel, [Doc. 37].

Pro se Plaintiff Walter T. Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Richmond Correctional Institution in Hoffman, North Carolina. He filed this action on March 10, 2022, pursuant to 42 U.S.C. §§ 1983 and 1985(3). [Doc. 1]. Plaintiff's First Amendment retaliation claim against Defendant FNU Covington[1] survived initial review. [Doc. 12 at 12]. Plaintiff alleges that, due to his complaint regarding the cleanliness of the quarantine area at Scotland Correctional Institution,

---

[1] Defendant FNU Covington's true full name is Ronald Covington. [See Doc. 31 at 1]. The Court will instruct the Clerk to update the docket accordingly.

Defendant Covington harassed Plaintiff and threatened him with a taser. Plaintiff's remaining claims and the remaining Defendants were dismissed. [Id.]. Defendant Covington answered Plaintiff's Complaint. [Doc. 31]. On January 23, 2023, the Court entered its Pretrial Order and Case Management Plan appointing the North Carolina Prisoner Legal Services (NCPLS) to conduct discovery in this matter on Plaintiff's behalf. [Doc. 32 at 2]. The NCPLS, however, recently declined to represent the Plaintiff for this purpose. [Doc. 35].

Plaintiff now moves for entry of default. [Doc. 33]. As grounds, Plaintiff states that "judgment default" should be entered against Defendant Covington "for failure, to answer, respond, or provide and defense" to Plaintiff's Complaint. [Id. at 1 (errors uncorrected)]. The Court will deny Plaintiff's motion. There is no cause to enter default or default judgment in this case. Defendant Covington has answered Plaintiff's Complaint. [Doc. 31]. Plaintiff is strongly encouraged to review the Federal Rules of Civil Procedure before filing further motions with this Court. Rule 55 clearly sets out the circumstances under which default may be entered and default judgment granted.

Also pending is Plaintiff's motion for appointment of counsel. [Doc. 37]. As grounds for appointment of counsel, Plaintiff argues that he has only a

high school education, he is unable to afford counsel, his Complaint is meritorious, the issues in his case are complex and he will need assistance with discovery, the testimony involved will be conflicting, he is now in "protective custody segregation" due to staff's continued campaign of harassment, he has "no ability to protect or investigate the facts" because all of his legal papers have been confiscated "to hinder & injur[e]" the Plaintiff, and the NCPLS recently declined to represent him for the purpose of conducting discovery. [Id. at 1-3].

A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's motion to appoint counsel, therefore, will be denied. The Court notes that if Plaintiff's legal papers have truly been confiscated "to hinder & injur[e]" the Plaintiff, and not for some lawful purpose relative to his segregation status, he may seek relief relative to such confiscation. The Court will order that a copy of this Order be sent to the Warden at Plaintiff's correctional facility so that they are advised of Plaintiff's complaint.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 33, 37] are **DENIED**.

The Clerk is respectfully instructed to update the docket in this matter to reflect the true full name of Defendant FNU Covington as Ronald Covington.

The Clerk is also instructed to mail a copy of this Order to the Warden at Plaintiff's correctional facility.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge